# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41236

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS ZUASO EMANUEL-FUENTES, also known as Carlos Zuaso
Emanuel, also known as Carlos Zuasoemanuel,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-452

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:*

Assuming, *arguendo*, that the district court committed reversible plain error in determining Carlos Zuaso Emanuel-Fuentes' criminal-history category under the advisory Sentencing Guidelines, at issue is whether we should, in our discretion, vacate the sentence and remand for re-sentencing. In that regard, Emanuel contends the court committed plain error in adopting

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-41236

the Pre-sentence Investigation Report's (PSR) recommendation he receive one criminal-history point for a 2009 state drug offense for which he was charged but not convicted.  AFFIRMED.

## I.

Emanuel, a native and citizen of Honduras, illegally entered the United States in 2008, and was deported in 2011.  In April 2014, he was found in Laredo, Texas, without documents allowing him to legally re-enter.  Emanuel pleaded guilty to unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326.

As discussed further below, Emanuel's PSR calculated a total offense level of 21 and four criminal-history points:  three for a 2009 Texas sexual-assault conviction; and one, at issue here, for a 2009 Texas possession-of-crack-cocaine offense.

Regarding the criminal-history point at issue, in 2009, prior to sentencing for his sexual-assault conviction, Emanuel filed "Defendant's Motion Requesting Court To Consider *Admitted* Unadjudicated Offenses During Sentencing".  (Emphasis added.)  The motion listed his pending, unadjudicated crack-cocaine charge and stated:  "[T]he defendant hereby *admits his guilt* in . . . the above mentioned unadjudicated cause[ ]".  (Emphasis added.)  The motion requested Emanuel's drug charge be taken into consideration at his sentencing for the sexual-assault charge; in exchange, the State would be barred from further prosecuting that drug charge.  The motion was granted.

In determining Emanuel's advisory sentencing range under the Guidelines for his 2014 unlawful re-entry conviction, the PSR stated Emanuel was "adjudged guilty" of the 2009 crack-cocaine charge.  Emanuel's above-described state-court motion was not part of the record for sentencing in district court, and he did not object to its absence.  Similarly, he did not object

2

No. 14-41236

to the PSR's characterization of his having been "adjudged guilty" of his prior drug offense.

Based on that offense, the PSR assessed one criminal-history point, pursuant to Guidelines §§ 4A1.1(c) and 4A1.2(a)(4) (add one criminal history point if defendant was "convicted of an offense", defined as: "the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*"). Emanuel did not object to the assessment of the criminal-history point, which resulted in a criminal-history category of III, and a Guidelines sentencing range of 46–57 months. Had the point not been assessed, Emanuel's criminal-history would have been category II, with a sentencing range of 41–51 months. *See* U.S.S.G. Ch.5, Pt.A (Sentencing Table).

Prior to pronouncing sentence, the district court adopted the PSR in its entirety. Emanuel was sentenced, *inter alia*, to 52 months' imprisonment.

## II.

For the first time on appeal, Emanuel claims the district court erroneously assessed the criminal-history point for his 2009 drug-possession offense, because he was charged with, but not convicted of, the offense. He contends the offense was not adjudicated, and thus was mischaracterized in the PSR.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

No. 14-41236

Because Emanuel failed to object in district court to the claimed error now raised on appeal, however, review is only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under this standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the reversible plain error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

A.

As stated *supra*, Emanuel's 2009 state-court motion, in which he admitted his guilt for the 2009 state drug offense, was not part of the record at sentencing, and he did not object to its absence. For this appeal, Emanuel moved to supplement the record with state court documents, including the state-court motion. The motion to supplement the record was unopposed, and our court granted it.

B.

In claiming he was erroneously assessed the criminal-history point for his drug-possession offense, because he was charged with, but not convicted of, it, and without citing authority, Emanuel asserts the offense falls outside the Guidelines' definition of "conviction", which requires guilt be established "by guilty plea, trial, or plea of *nolo contendere*". U.S.S.G. § 4A1.2(a)(4). Emanuel concedes: he did not object to the PSR or at sentencing; and, plain-error review applies. In that regard, he contends the state-court motion demonstrates the requisite plain error, because it proves the 2009 drug offense was not adjudicated; therefore, it could not support the criminal-history point. (This is in part in response to the Government's position, discussed below, that an issue of fact can never constitute plain error.)

4

No. 14-41236

Emanuel asserts the error affected his substantial rights, because, without the additional point, his criminal-history category would have dropped from category III to II. In other words, his advisory sentencing range would have been 41–51 months, rather than 46–57 months. He maintains his 52-month sentence—one month above the top of the lower Guidelines sentencing range—would not have been imposed had his criminal history been properly calculated. In support, Emanuel points to the district court's related statement at sentencing ("I'm going to stay within the [G]uideline range") and its failure to suggest it would have imposed the same 52-month sentence regardless of the advisory sentencing range.

The Government counters: whether Emanuel's unadjudicated drug offense resulted in a "conviction" under § 4A1.2(a)(4) is a question of fact that could have been resolved by the district court; and, therefore, under *United States v. Lopez*, 923 F.2d 47 (5th Cir. 1991), it cannot constitute plain error. In that regard, our court has held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error". *Id.* at 50; *see also, United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995); *United States v. Bleike*, 950 F.2d 214, 221 (5th Cir. 1991).

Whether the characterization of Emanuel's prior offense constituted plain error need not be decided. Assuming, without deciding, Emanuel could satisfy the elements required to show reversible plain error, this court has discretion, as discussed above, to remedy the error; but, as stated, such discretion should be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135. This discretion element of plain-error review "is . . . to be applied on a case-specific and fact-intensive basis". *Id.* at 142.

A review of the facts and circumstances underlying Emanuel's sentence demonstrate that an exercise of such discretion is inappropriate. *See, e.g.,*

5

*United States v. Davis*, 602 F.3d 643, 650–51 (5th Cir. 2010). First, as stated *supra*, although we assume, *arguendo*, his state drug offense had not been adjudicated, Emanuel admitted his guilt in his "Motion Requesting Court To Consider Admitted Unadjudicated Offenses During Sentencing". The motion listed the pending charge and stated: "[T]he defendant hereby admits his guilt in [ ] the above mentioned unadjudicated cause[ ]". It also stated he "*stands adjudged guilty*" of that offense. (Emphasis added.) The motion was signed by Emanuel and his attorney. In effect, the motion was a guilty plea. As discussed, although the motion was not part of the record at sentencing, Emanuel successfully moved to include it in the record on appeal.

Moreover, in contrast to the one-month disparity at issue, our court has exercised its discretion to remedy an error when the imposed sentence has been "materially or substantially above the properly calculated range". *United States v. John*, 597 F.3d 263, 289 (5th Cir. 2010) (miscalculated sentence was 21 months outside the top of the correct Guidelines sentencing range); *see also United States v. Mudekunye*, 646 F.3d 281, 290–91 (5th Cir. 2011) (19-month disparity); *United States v. Hernandez*, 690 F.3d 613, 621–22 (5th Cir. 2012) (12-month disparity).

Conversely, in *United States v. Avalos-Martinez*, the erroneously-imposed sentence at issue exceeded the correct Guidelines sentencing range by one month. 700 F.3d 148, 154 (5th Cir. 2012). Although this court determined Avalos demonstrated reversible plain error, *id.*, it declined to exercise its discretion to remedy the error, after "[c]onsidering the degree to which [Avalos'] sentence exceed[ed] the correct [G]uidelines range and the facts surrounding [his] convictions". *Id.*

The circumstances are similar here. When considering the entire record, including Emanuel's admission of guilt for the state drug offense, and the one-month sentencing disparity, the assumed error should not be corrected because

No. 14-41236

it does not "seriously affect the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135.

## III.

For the foregoing reasons, the judgment is AFFIRMED.


James L. Dennis, Circuit Judge, concurs only in the judgment.