# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50151

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FLORENCIO ROSALES-MIRELES,
  Also Known as Roberto Lozano-Alcauter,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Florencio Rosales-Mireles appeals his sentence for illegal reentry. He contends that the district court erred by counting one of his prior convictions twice when calculating the sentencing-guideline range. He also maintains that the sentence is substantively unreasonable. Finding no reversible error, we affirm.

No. 16-50151

I.

Rosales-Mireles pleaded guilty of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).  When calculating the criminal-history score, the probation officer counted a 2009 Texas conviction of misdemeanor assault twice, assessing two criminal-history points each time it was counted.  The total criminal-history score was calculated as 13, resulting in a criminal-history category of VI.  Combined with Rosales-Mireles's offense level of 21, that criminal-history category yielded a guideline range of 77–96 months.

Rosales-Mireles did not object to the double-counting but did request a downward departure to 41 months.  The district court denied the departure and sentenced Rosales-Mireles to 78 months of imprisonment and a three-year term of supervised release.  Rosales-Mireles did not object to the sentence after it was imposed.

II.

Rosales-Mireles assigns error to the double-counting.  He concedes that he did not make that objection in district court, so we apply the plain-error standard.  *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  To establish plain error, Rosales-Mireles must show (1) an error; (2) that was clear or obvious; and (3) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  "[I]f the above three prongs are satisfied, [we have] the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotation marks and alterations omitted).

A.

The government concedes that the double-counting is error, and we agree.  The sentencing guidelines provide that two criminal-history points be

2

No. 16-50151

added "for *each* prior sentence of imprisonment of at least sixty days . . . ." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.1 (emphasis added). By adding four points based on the same conviction, the court erred. Moreover, "the error is clear from the language of the Guidelines."[1] Thus, Rosales-Mireles satisfies the first two prongs.

### B.

To satisfy the third prong, Rosales-Mireles must show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence."[2] "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 136 S. Ct. at 1345. But "[t]he Government remains free to point to parts of the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make." *Id.* at 1347 (quotation marks omitted and alteration adopted).

Had the district court not erred by double-counting Rosales-Mireles's misdemeanor-assault conviction, the guideline range would have been 70–87 months instead of 77–96 months as recommended in the presentence report. Nonetheless, the government contends that the court would have sentenced Rosales-Mireles to the same term of imprisonment even if it had not erred by double-counting. The government notes that the district court stated that it "would have not sentenced [Rosales-Mireles] to anything less than the

---

[1] *United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012). *See also United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010), *abrogated on other grounds by Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) ("As our conclusion is reached by a straightforward application of the guidelines, the error was also plain.").

[2] *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663–64 (5th Cir. 2016) (quoting *United States v. Pratt*, 728 F.3d 463, 481 (5th Cir. 2013) (citation omitted)).

78 months."

But that statement, in context, does not go quite so far as saying that the court would have sentenced Rosales-Mireles to 78 months regardless of the guideline recommendation. The full statement is this: "I'll let the record reflect that under the consideration 4A1.3, when I look at the elements, I would have not sentenced Mr. Rosales to anything less than the 78 months after he's—his conduct in these cases and his conduct here today."

The explanation was made in the context of denying a downward departure under U.S.S.G. § 4A1.3. Moreover, the denial was based, in part, on Rosales-Mireles's criminal history, and that history—because of the double-counting—erroneously included an extra conviction. Thus, we cannot say that the district court "explicitly and unequivocally indicate[d] that [it] would have imposed the same sentence . . . irrespective of the Guidelines range."[3] Rosales-Mireles has met his burden, under the third prong, to show a reasonable probability that he would have been subject to a different sentence but for the error.

## C.

Even though Rosales-Mireles has satisfied the first three prongs, we must decide whether to exercise our discretion to remedy the error. We do so only where "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[4] "The fourth prong . . . is not satisfied simply because the 'plainly' erroneous sentencing guideline range yields a longer sentence than the range that, on appeal, we perceive as correct." *United States*

---

[3] *United States v. Miller*, 657 F. App'x 265, 270 (5th Cir. 2016) (per curiam). *See also United States v. Mudekunye*, 646 F.3d 281, 290 (5th Cir. 2011) (per curiam).

[4] *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett*, 556 U.S. at 135 (alteration in original)).

No. 16-50151

*v. Sarabia-Martinez*, 779 F.3d 274, 278 (5th Cir. 2015).[5]  Rather, "[t]he types of errors that warrant reversal are ones that would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014) (quotation marks omitted).[6]

We decline to exercise our discretion in this case.  We sometimes exercise discretion to correct a plain error where the imposed sentence is "materially or substantially above the properly calculated range."  *United States v. John*, 597 F.3d 263, 289 (5th Cir. 2010).[7]  But we also have declined to use that discretion even where the discrepancy was huge.[8]  Where the difference between the imposed sentence and the properly calculated range is small, we generally decline to correct the error.[9]

Here, there is *no* discrepancy between the sentence and the correctly

---

[5] *See also United States v. Wooley*, 740 F.3d 359, 369 (5th Cir. 2014) ("This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not automatically satisfied.") (quotation marks omitted); *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009) ("Not every error that increases a sentence need be corrected by a call upon plain error doctrine.").

[6] *Accord United States v. Mendoza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017) (per curiam) (citing *United States v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016)).

[7] *See, e.g., John*, 597 F.3d at 285–86 (exercising discretion to correct a sentence 21 months outside the correct range); *United States v. Hernandez*, 690 F.3d 613, 621–22 (5th Cir. 2012) (exercising discretion to correct a sentence 12 months outside the correct range); *Mudekunye*, 646 F.3d at 290–91 (exercising discretion to correct a sentence 19 months outside the correct range).

[8] In *United States v. Wikkerink*, 841 F.3d 327, 337 (5th Cir. 2016), we declined relief under the fourth prong despite that the "correct sentence according to the Guidelines would have been 180 months [but] the district court ultimately imposed a sentence of 360 months."

[9] *See, e.g., United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (per curiam) (declining to exercise discretion where the imposed sentence exceeded the correct range by only one month); *United States v. Emanuel-Fuentes*, 639 F. App'x 974, 977 (5th Cir. 2015) (per curiam) (same).

No. 16-50151

calculated range.  The court sentenced Rosales-Mireles to 78 months, which is in the middle of the proper range of 70–87 months.  We cannot say that the error or resulting sentence would shock the conscience.  Thus, we elect not to exercise our discretion.

III.

Rosales-Mireles contends that his sentence is substantively unreasonable because it is greater than necessary to effect the goals of 18 U.S.C. § 3553(a).  Rosales-Mireles did not object to reasonableness in the district court, so we review only for plain error.[10]

A within-guidelines sentence is entitled to a presumption of reasonableness, and "[t]he presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Rosales-Mireles's 78-month sentence is within-guidelines, as it is within the overlap of the correct (70–87 months) and incorrect (77–96 months) ranges.  It is therefore presumed reasonable. *Id.*

Rosales-Mireles has not rebutted the presumption.  He maintains that the district court placed too much weight on his old, prior convictions.  But the court considered that argument during sentencing and rejected it.  The court explicitly considered a number of the § 3553(a) factors, including the nature of the offense; Rosales-Mireles's history and characteristics; and the need to protect the public, deter future criminal conduct, and promote respect for the

---

[10] Rosales-Mireles notes that "[t]here is a circuit split as to whether a failure to object to the reasonableness of the sentence upon its imposition requires plain error review."  He acknowledges that his argument is foreclosed, *see Peltier*, 505 F.3d at 391–92, and he raises it only to preserve it for further review.

law.   In addition, the court noted that this was Rosales-Mireles's second conviction for being in the United States illegally, that he had used multiple aliases to remain in the United States, and that he had a history of assault stretching from 2001 to 2015.

The district court was in the best position to evaluate Rosales-Mireles's history and characteristics and the need for the sentence to further the objectives in § 3553(a).  *See Gall v. United States*, 552 U.S. 38, 51–52 (2007).  Accordingly, the decision is entitled to deference.  *Id.*  Rosales-Mireles has not rebutted the presumption of reasonableness.

The judgment of sentence is AFFIRMED.