# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30803

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

SIMON CRUZ-PEÑA,

  Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-181-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

  Simon Cruz-Peña pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and was sentenced to a 48-month term of imprisonment. Cruz-Peña appeals his sentence, arguing that the district court improperly calculated his guidelines range. For the reasons explained below, we AFFIRM.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30803

## I. Background

At sentencing, the district court adopted the Presentence Investigation Report ("PSR"), which calculated Cruz-Peña's total offense level at 21 and his criminal history category at III.  Cruz-Peña's criminal history category was raised from II to III because the PSR counted a 2005 Florida conviction for assault on a law enforcement officer ("Florida assault") when determining his criminal history category.  *See* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") Ch. 5, Pt. A (U.S. SENTENCING COMM'N 2015).  Cruz-Peña committed the Florida assault at age 16, but he was convicted as an adult after he provided a false date of birth to the court.  At the time he committed the instant reentry offense, there was an outstanding probation violation warrant for the Florida assault, which qualifies as a criminal justice sentence under U.S.S.G. § 4A1.1(d).  *See* U.S.S.G. § 4A1.2(m).  The PSR counted the Florida assault as one criminal history point under U.S.S.G. § 4A1.1(c), and then added two additional criminal history points under § 4A1.1(d) because Cruz-Peña committed the instant reentry offense while under a criminal justice sentence stemming from the Florida assault.  Thus, when counting the Florida assault, the PSR assessed a total of three criminal history points to Cruz-Peña.

Adding the three criminal history points from the Florida assault to the three criminal history points for another assault conviction resulted in a criminal history category of III. *See id.* With an offense level of 21 and criminal history category of III, Cruz-Peña's guidelines range was 46-57 months of imprisonment.  Counsel for Cruz-Peña requested a downward departure from the guidelines range and recommended that "41 months would be appropriate in this matter."  The district court sentenced Cruz-Peña to a term of 48 months after emphasizing that both of his assault convictions were "extremely serious."  Cruz-Peña argues on appeal that his Florida assault should not have been counted in calculating his criminal history category.  Without the Florida

2

assault, Cruz-Peña's guidelines range would have been 41-51 months. *See* U.S.S.G. Ch. 5, Pt. A.

## II.  Standard of Review

We review for plain error because Cruz-Peña did not object to the calculation of his criminal history category. *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam). To show plain error, Cruz-Peña "must show (1) an error (2) that was clear or obvious (3) that affected his substantial rights." *Id.* If Cruz-Peña establishes plain error, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Even though the Government concedes that the first three factors of plain error are met, we are not bound by the Government's concessions of error and conduct our own independent review. *United States v. Williams*, 821 F.3d 656, 658 (5th Cir. 2016).

## III.  Discussion

Cruz-Peña argues that, pursuant to U.S.S.G. § 4A1.2(d), his Florida assault should not have been counted because he was under the age of 18 when he committed the assault and the sentence was imposed more than five years before the instant reentry offense. Our review suggests that Cruz-Peña is correct, however, we pretermit further consideration of whether the first two prongs of plain error are met because we conclude that it would not change the result in this case.

Assuming arguendo that a clear error was committed, we would have to conclude that the third prong is met because "the record is silent as to what the district court might have done had it considered the correct Guidelines range." *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1348 (2016). Although the district court considered and rejected a request for a downward variance, it did so without reference to the correct guidelines range. As the

Supreme Court observed, "[t]he Guidelines inform and instruct the district court's determination of an appropriate sentence." *Id.* at 1346.

The remaining question, then, is whether we should exercise our discretion to correct the error. "[W]hether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case." *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010). We will exercise our discretion "in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). This assessment cannot be distilled into a single test or set of factors because the fourth prong of plain error review should be determined "on a case-specific and fact-intensive basis. . . . [A] '*per se* approach to plain-error review is flawed.'" *John*, 597 F.3d at 286 (quoting *Puckett*, 556 U.S. at 142).

Nevertheless, our precedent has identified some guiding principles. We have repeatedly noted that "[n]ot every error that increases a sentence need be corrected by a call upon plain error doctrine." *United States v. Davis*, 602 F.3d 643, 652 (5th Cir. 2010) (alteration in original) (quoting *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009)); *accord Avalos-Martinez*, 700 F.3d at 154; *see also Escalante-Reyes*, 689 F.3d at 425 ("We continue to adhere to our precedent declining 'to adopt a blanket rule that once prejudice is found under the [third plain error prong], the error invariably requires correction.'" (alteration in original) (quoting *United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004) (en banc))). Furthermore, we have also repeatedly observed that it can be appropriate to exercise our discretion "when the sentence is materially or substantially above the properly calculated range." *John*, 597 F.3d at 289; *accord United States v. Torres*, 856 F.3d 1095, 1100 (5th Cir. 2017); *United States v. Rosales-Mireles*, 850 F.3d 246, 250 (5th Cir. 2017).

No. 16-30803

Here, the sentence is not materially or substantially above the properly calculated range. To the contrary, the 48-month sentence falls within both the incorrect (46-57 months) and correct (41-51 months) guidelines ranges. Thus, as in *Rosales-Mireles*, "there is *no* discrepancy between the sentence and the correctly calculated range." *See* 850 F.3d at 250. Although the district court imposed a sentence just two months above the bottom of the incorrect range, it was not the absolute bottom, making it more like *Rosales-Mireles*—where the district court imposed a sentence that was one month above the bottom of the incorrect range and the difference between the bottom of both ranges was only seven months—than like cases with much greater variations. *See* 850 F.3d at 251.[1]

Cruz-Peña's criminal history is also an important consideration when determining whether we exercise our discretion. *See Avalos-Martinez*, 700 F.3d at 154; *cf.* 18 U.S.C. § 3553(a)(1). During sentencing, the judge emphasized that Cruz-Peña's two assaults were "extremely serious" and rejected a request for a sentence of 41 months, which would have been the bottom of the correctly calculated range. Moreover, Cruz-Peña violated his probation for the Florida assault by failing to report to the probation department, pay his monthly fee, and follow his probation officer's instructions provided in a warning card, a violation that apparently continues to this day and which is not otherwise accounted for in the guidelines determination.

Under these circumstances—where the sentence falls within the correct range, the difference between the correct and incorrect ranges is relatively

---

[1] Cruz-Peña argues in his reply brief for the first time that, when considering the degree of error, we should look to the *percentage* that the sentence imposed is above the corresponding sentence of the correct range rather than how many *months* the sentence exceeds the correct range. Because this issue was not raised in his initial brief, it is abandoned. *See United States v. Bullock*, 71 F.3d 171, 178 (5th Cir. 1995) ("An appellant abandons all issues not raised and argued in [his] *initial* brief on appeal." (alteration in original)).

small, the defendant committed multiple "extremely serious" assaults and subsequently violated his probation, and the district court declined a request to impose a sentence at the bottom of the correct range—we cannot say that a miscarriage of justice would result if the presumed error is not corrected. *See Rosales-Mireles*, 850 F.3d at 250; *Avalos-Martinez,* 700 F.3d at 154. Accordingly, we decline to exercise our discretion to correct this alleged guidelines error.

AFFIRMED.