# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51462

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE MATIAS-SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1257-1

Before DAVIS, HAYNES and COSTA, Circuit Judges.

PER CURIAM:[*]

Jorge Matias-Sanchez appeals the district court's assessment of two criminal history points based on a sentence initially imposed more than ten years before he commenced the instant offense. For the reasons explained below, we AFFIRM.

## I. Background

On September 18, 2015, United States Border Patrol agents encountered Matias-Sanchez near Uvalde, Texas. He admitted that he was a Mexican

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citizen without authority to be in the United States, having been removed by immigration authorities on January 4, 2013.  He was indicted for illegal reentry after removal in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2).  He pleaded guilty to the charges.

A presentence report ("PSR") was prepared using the 2015 United States Sentencing Guidelines ("U.S.S.G.").  The PSR recommended a base offense level of 21 under U.S.S.G. § 2L1.2 and assigned a criminal history category VI, which yielded a Guidelines range of 77 to 96 months.  At sentencing, the district court used the 2016 United States Sentencing Guidelines, which calculated a Guidelines range of 51 to 63 months.  Included in calculating Matias-Sanchez's criminal history points was a Deferred Entry of Judgment ("DEJ") entered on August 30, 2005, in the Superior Court of Orange County in Santa Ana, California, after a guilty plea to felony possession of methamphetamine.  The DEJ was terminated on September 29, 2005, after Matias-Sanchez did not appear at a hearing.  Following the expiration of his probation on a separate count, Matias-Sanchez was sentenced to 90 days imprisonment on September 4, 2008.  The PSR assessed two criminal history points for this conviction under U.S.S.G. § 4A1.1(b).  Without those two points, Matias-Sanchez's criminal history category would have been V and his Guidelines range would have been 46-57 months.  Matias-Sanchez did not object to counting that sentence toward his criminal history points at the time of sentencing.  He argues for the first time on appeal that assessing the two criminal history points was in error.

## II.  Standard of Review

An argument raised for the first time on appeal is reviewed under the plain-error standard.  *United States v. Gutierrez,* 635 F.3d 148, 152 (5th Cir. 2011).  To prevail on plain error review, an appellant must show (1) "an error or defect," (2) that is "clear or obvious, rather than subject to reasonable

No. 16-51462

dispute," and (3) that "affected the appellant's substantial rights." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States,* 556 U.S. 129, 135 (2009)). If the first three prongs are met, we have "the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original).

## III. Discussion

Matias-Sanchez argues that his California conviction falls outside the applicable time period of the DEJ for sentencing purposes. For certain revocations, U.S.S.G. § 4A1.2(k) determines (1) the relevant term of imprisonment and (2) the applicable time period under which offenses are counted for sentencing purposes. Section 4A1.2(k) applies to "a prior revocation of probation, parole, supervised release, special parole, or mandatory release." The parties disagree about whether termination of a DEJ constitutes a relevant "revocation" for the purposes of § 4A1.2(k).[1]

Matias-Sanchez argues that under U.S.S.G. §§ 4A1.2(e)(2) and (k)(2)(C), his original sentence should result in criminal history points only if it was imposed within 10 years of the instant offense. §§4A1.2(k)(2)(C); 4A1.2(e). If § 4A1.2(k) applies, then Matias-Sanchez argues that his conviction falls outside the ten-year period applied to sentences of less than one year and one day because, he contends, the original sentence was imposed on August 30, 2005,

---

[1] The PSR states that the DEJ was "vacated" on September 29, 2005. The word "vacate" differs from the language usually associated with a DEJ. *See, e.g.*, *In re Scoggins*, 114 Cal. Rptr. 2d 508, 509–510 (Cal. Ct. App. 2001) (noting that "the court *terminated* deferred entry of judgment" on two different occasions after the defendant failed to appear at a progress report hearing and a proof of completion hearing (emphasis added)). Because neither party raises the argument that the disposition of the DEJ in this case differed from the usual course, we do not address whether a vacated sentence affects the analysis in this case. We use the word "terminated" in conjunction with a DEJ in this opinion to be consistent with conventional terminology.

3

and he was arrested for having illegally reentered after removal on September 18, 2015 (fewer than three weeks outside the applicable time period).

We need not decide whether a California conviction of this sort falls within the framework of §§4A1.2(k)(2)(C) and 4A1.2(e) because even assuming arguendo that it does, he fails to persuade us that we should exercise our discretion to correct the alleged error. Under the fourth prong of plain error analysis, we have discretion to remedy an error which "seriously affects the fairness, integrity or public reputation of judicial proceedings."[2] *Puckett*, 556 U.S. at 135. "[W]e do not view the fourth prong as automatic if the other three prongs are met." *Escalante-Reyes*, 689 F.3d at 425. Instead, we take a holistic approach to evaluating this prong, analyzing the individual facts of the case and whether failure to grant relief would result in a "miscarriage of justice." *See United States v. Wikkerink*, 841 F.3d 327, 339 (5th Cir. 2016); *Escalante-Reyes*, 689 F.3d at 424-25.

In this case, we do not see fit to exercise our discretion to correct Matias-Sanchez's sentence. We note that Matias-Sanchez, even if we accepted all of his arguments, only missed counting the prior sentence by three weeks; he used those weeks to abscond and fail to meet even the initial requirements of the California process.

Further, during the sentencing hearing, the district court noted that Matias-Sanchez had been sentenced to 50 months' imprisonment and a three-

---

[2] The Supreme Court has granted certiorari to review the proper application of this prong from our decision in *United States v. Rosales-Mireles*, 850 F.3d 246 (5th Cir. 2017), *cert. granted*, No. 16-9493, 2017 WL 2505758 (U.S. Sept. 28, 2017). In the meantime, we apply the en banc majority opinion in *Escalante-Reyes* rather than the "shocks the conscience" language from the dissenting opinion. *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012) (explaining that, under our rule of orderliness, the earlier of the two opinions controls); *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986) (even when the Supreme Court has granted certiorari, we continue to follow our own precedents unless and until the Court says otherwise).

year term of supervised release in August 2009 for attempted reentry after deportation; he committed the same crime here, indicating that he "didn't learn anything." While Matias-Sanchez argued for a downward variance to 40 months, the court did not believe that "40 months [was] going to teach him what 50 months didn't teach him." The court was further concerned that Matias-Sanchez had "been in jail or committing an offense since he was 22 without stop[ping]," and while on supervised release in 2014, he was using marijuana monthly, "not showing [the court] good judgment." The court determined that a fair and reasonable sentence was 60 months in prison.

The district court carefully reasoned its decision in concluding that 60 months was an appropriate sentence in this case. We will not turn a blind eye to Matias-Sanchez's consistent, repeated disregard for the law. Matias-Sanchez had previously been sentenced to 50 months imprisonment for this offense, and yet, he committed it again. We have not been convinced that failing to recognize this error would result in a miscarriage of justice or would seriously affect the fairness, integrity, or public reputation of judicial proceedings. We thus decline to exercise our discretion to correct the error.

For the foregoing reasons, we AFFIRM the sentence imposed by the district court. [3]

---

[3] We accept Matias-Sanchez's concession that his other issue concerning failure to allege his prior conviction in his indictment is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998).