# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30803

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SIMON CRUZ-PEÑA,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-181-1

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Simon Cruz-Peña pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and was sentenced to a 48-month term of imprisonment. On his initial appeal, Cruz-Peña appealed his sentence, challenging the calculation of his guidelines range, specifically, an error in his criminal history score. *United States v. Cruz-Peña,* 700 F. App'x 338, 339 (5th Cir. 2017), *vacated,* 86 U.S.L.W. 3640 (U.S. June 25, 2018) (No. 17-6389). In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30803

our initial decision, we concluded that plain error review applies. *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (describing the four prongs of plain error review). The parties agreed that the first three prongs of plain error were met. *Id.* Cruz-Peña argued that his 2005 Florida conviction for assault on a law enforcement officer should not have been counted under United States Sentencing Guideline ("U.S.S.G.") § 4A1.2(d) because he was a juvenile at the time of the offense and it occurred more than five years before the instant illegal reentry offense. *Id.* at 340. As a result, he contended that his criminal history category of III should have been II. *See id.* at 339–40. We noted that our review suggested that Cruz-Peña was correct in his assertion, thus meeting the first two prongs of plain error, but we ultimately pretermitted further consideration of that issue because we concluded that we should not exercise our discretion to correct the apparent error under the fourth prong of plain error review. *Id.* at 340–41. We thus affirmed the sentence. *Id.* at 341.

Cruz-Peña sought certiorari from the United States Supreme Court. Following its decision in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), the Court vacated our decision in this case and remanded for further consideration. In supplemental briefing, the parties now agree that the sentence cannot survive plain error review. Of course, we are not required to accept the Government's concessions, and we conduct our own independent review. *United States v. Williams*, 821 F.3d 656, 658 (5th Cir. 2016).

We do not repeat the background facts which are described in our prior opinion. *Cruz-Peña*, 700 F. App'x at 339. Based upon those facts, we conclude that the points added for the Florida assault conviction were plain error in light of U.S.S.G. § 4A1.2(d) because it is undisputed that the offense was committed when Cruz-Peña was sixteen years old and more than five years had elapsed from the date of his conviction and the date of the current offense

2

(which had to have occurred after his deportation, some seven years after the Florida assault offense).

As explained in our prior opinion, we have to conclude that the third prong is met because "the record is silent as to what the district court might have done had it considered the correct Guidelines range." *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1348 (2016). Although the district court considered and rejected a request for a downward variance, it did so without reference to the correct guidelines range. As the Supreme Court observed, "[t]he Guidelines inform and instruct the district court's determination of an appropriate sentence." *Id.* at 1346.

We now turn to the remaining question: whether we should exercise our discretion to correct the error. *Rosales-Mireles* answers the question: we should exercise our discretion in this case to remand for resentencing. *See* 138 S. Ct. at 1908–11.

Accordingly, we VACATE Cruz-Peña's sentence and REMAND for reconsideration in light of the correct guidelines range.

VACATED and REMANDED.