**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-11006
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARMANDO LUNA-CABRAL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-351-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Armando Luna-Cabral appeals the 57-month sentence imposed following his guilty-plea conviction for illegal reentry following previous deportation. He argues that the district court committed significant procedural error by imposing a sentence within the pertinent guidelines range without giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range. He also argues that the district court committed procedural error by treating the Guidelines as mandatory.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Luna-Cabral's arguments for plain error because he raises them for the first time on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Luna-Cabral must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court erred by not providing adequate reasons for rejecting Luna-Cabral's arguments, he still has not shown that he should receive relief on this claim. This is because Luna-Cabral has failed to show that a more extensive explanation for his sentence would have resulted in his receiving a different sentence. *See Mondragon-Santiago*, 564 F.3d at 364. Additionally, in its written statement of reasons, the district court recognized that the Guidelines "are advisory only." Thus, Luna-Cabral's argument that the district court treated the Guidelines as mandatory is unavailing. *See United States v. Looney*, 532 F.3d 392, 396 (5th Cir.), *cert. denied*, 129 S. Ct. 513 (2008). Accordingly, the judgment of the district court is AFFIRMED.