# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

No. 09-20344
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO DELGADO-LOYA, also known as Julio Edward Delgado, also known as Julio Delgado Loya, also known as Julio Delgado, also known as Julio Eduardo Delgado-Loya,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-561-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julio Delgado-Loya (Delgado) appeals the 77-month sentence imposed following his guilty-plea conviction for illegal reentry following previous deportation. He argues that the district court committed significant procedural error by imposing a sentence within the pertinent guidelines range without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range.  He requests this court to vacate his sentence.

We review Delgado's argument for plain error because he raises it for the first time on appeal.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009).  To show plain error, Delgado must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

A review of the record does not support Delgado's argument that the district court failed to consider his arguments for a lower sentence.  In fact, "the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court." *United States v. Bonilla*, 524 F.3d 647, 657-58 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009).  Even if the district court's reasons were inadequate and constituted error, Delgado cannot show that a more extensive explanation would have changed his 77-month sentence.  *See Mondragon-Santiago,* 564 F.3d at 365.  Accordingly,  the judgment of the district court is AFFIRMED.  *See id.*; *see also Gall v. United States,* 552 U.S. 38, 53 (2007).