# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 11-50846
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO SALGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-106-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury found Fernando Salgado guilty of conspiracy to distribute and to possess with intent to distribute heroin, and the district court sentenced him to 210 months in prison, to be followed by a three-year term of supervised release. On appeal, Salgado contends that the district court erred in its presentation of the jury instructions. As he concedes, he did not object to the instructions, so we review for plain error. *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010); *United States v. Betancourt*, 586 F.3d 303, 305-06 (5th Cir. 2009). Salgado

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In his first ground for relief, Salgado contends that the district court constructively amended the indictment by failing to limit the jury's consideration to the three defendants named in the indictment, which permitted the jurors to consider the possible participation of other individuals in the conspiracy. He has not established a clear or obvious error arising from the court's instructions on a conspiracy. *See United States v. Leahy*, 82 F.3d 624, 630-31 (5th Cir. 1996). Moreover, Salgado has not established "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Although Salgado also asserts that the jury should have been instructed about the possibility of multiple conspiracies, he has not established that the district court's failure to give such an instruction affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Morris*, 46 F.3d 410, 417 (5th Cir. 1995).

Salgado maintains that the district court should have sua sponte instructed the jury that they could have found him guilty of conspiracy to possess heroin, which is a lesser included offense of conspiracy to possess with intent to distribute heroin. The indictment charged him with conspiring to distribute and to possess with intent to distribute; Salgado concedes that conspiracy to possess narcotics is not a lesser included offense of conspiracy to distribute. Although the district court advised the jury that it must unanimously find one of the conspiracy objectives, nothing in the record indicates which was found. Salgado therefore has not shown that the error had an effect on the jury deliberations or the verdict, and he thus has not established plain error. *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).

In addition, Salgado contends that the district court should have instructed the jury about expert witnesses and should have warned the jury that Detective Mitch Russell was testifying in a dual role as a lay and an expert witness. Even assuming that portions of Detective Russell's testimony can be considered expert testimony, given that the admissibility of the testimony is not challenged; that the jury heard other evidence of guilt, including Salgado's own conflicting statements about his participation in the conspiracy; and that the district court properly instructed the jury that it could accept or reject any testimony and that it was the sole judge of credibility of the witnesses and the weight, if any, to give to each witness's testimony, Salgado has not demonstrated that the failure to give an expert witness or dual role instruction affected the outcome of the proceedings and thus affected his substantial rights. *See Puckett*, 556 U.S. at 135.  Further, Salgado has not shown that the failure to give an expert witness or dual role instruction in these circumstances affects the fairness, integrity, or public reputation of judicial proceedings as required for reversal on plain error. *Id.*

Salgado maintains that the district court should have provided a limiting instruction with respect to evidence of his gang affiliation.  He does not challenge the introduction of the evidence.  Salgado has not shown that any clear or obvious error affected his substantial rights, in light of the instructions that were provided.  *See Puckett*, 556 U.S. 135; *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

In his final ground for relief, Salgado asserts that the jury instructions as a whole constituted a cumulative plain error.  He has not shown that the "coalescence of [plain] errors, if any, arising in this case" resulted in the denial of a fair trial.  *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998).  Because Salgado has not shown reversible error, the judgment of the district court is AFFIRMED.