# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 14-50715
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES CHAVIRA CORONA,

Defendant-Appellant

_____

Cons w/ 14-50718

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES CHAVIRA CORONA,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-431-1
USDC No. 3:14-CR-1013-1

————————————

No. 14-50715
c/w No. 14-50718

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to attempted illegal reentry and false personation in immigration matters, the district court sentenced Andres Chavira Corona (Chavira) to 33 months of imprisonment. The district court also revoked a term of supervised release that had been imposed following a previous illegal reentry conviction and imposed a revocation sentence of 24 months of imprisonment, with 12 months of the sentence to run consecutive to the 33-month sentence that was imposed for the immigration offenses. Although he filed notices of appeal in both cases, Chavira's attorney-prepared brief challenges only the revocation sentence. However, to the extent that Chavira intended to appeal the non-revocation sentence, his argument is waived because it is insufficiently briefed. *See* FED. R. APP. P. 28(a)(9); *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

Ordinarily, revocation sentences are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We do not address Chavira's argument that this court should not employ the plainly unreasonable standard because Chavira did not preserve his arguments in the district court and the appeal is thus governed by the plain error standard of review. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). To demonstrate plain error, Chavira must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court has the discretion to correct the error but only if it affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The revocation sentence fell within the advisory range and was consistent with the Sentencing Guidelines' policy regarding consecutive sentences. *See* U.S.S.G. § 7B1.3(f), p.s.; § 7B1.4, p.s. The sentence was thus entitled to a presumption of reasonableness. *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Chavira had an extensive criminal history, resulting in 20 criminal history points and a criminal history category of VI. His arguments regarding the overstated seriousness of the offense and his personal circumstances amount to a mere disagreement with the district court's balance of the 18 U.S.C. § 3553 sentencing factors, and this court will not second-guess the district court's balancing of those factors. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Chavira has not shown that the revocation sentence is plainly erroneous. *See Whitelaw*, 580 F.3d at 260-61. Accordingly, the judgment of the district court is AFFIRMED.