# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-40376
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS OSMIN CRUZ-REYES,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-423

—————

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carlos Osmin Cruz-Reyes (Cruz) appeals his sentence following his guilty plea conviction for illegal reentry following deportation. Cruz was sentenced to 46 months of imprisonment, which was at the bottom of the Sentencing Guidelines range.

This court conducts a bifurcated analysis of a sentence imposed by the district court. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first determine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40376

if the district court committed any significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553 factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* If the district court's decision is free of procedural error, we then consider the substantive reasonableness of the sentence. *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). When, as here, the sentence is within the guidelines range, we afford it a presumption of reasonableness, which may be rebutted only by a showing that the sentence (1) does not account for a § 3553(a) factor that should receive significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

Cruz did not object to the reasonableness of the sentence after it was imposed, so our review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show reversible plain error, Cruz must identify a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (5th Cir. 2009). If he makes this showing, we have the discretion to correct the error, but we generally will not do unless we conclude that the error affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

There is no merit to Cruz's contention that, by failing to credit his version of the facts regarding his prior criminal history and his motives for reentering this county, the district court treated the Guidelines as though they were mandatory. "District courts enjoy wide discretion in determining which evidence to consider and to credit for sentencing purposes." *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012). As noted by the district

2

No. 14-40376

court, even giving Cruz the "benefit of the doubt" as to the specifics of his crime, the fact remains that he was convicted of aggravated assault, a crime of violence under the Guidelines.  Cruz did not adduce any competent evidence to rebut the presentence report, so the district court was not required to credit his unsupported allegations.  *See Cantu-Ramirez*, 669 F.3d at 629.

Neither is there merit in Cruz's contention that the district court did not consider the § 3553(a) sentencing factors.  The court cited Cruz's criminal history and characteristics as a basis for rejecting his request for a downward variance.  Moreover, because Cruz's sentence was within the guidelines range, we will infer that the district court considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a).  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The fact that the district court found some of the § 3553 factors more relevant than others does not mean that it failed to consider the necessary sentencing factors.  *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).

AFFIRMED.