# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-41642

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2017

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN DUQUE-TINOCO, also known as Rogelio Lopez-Ruiz,

Defendant - Appellant

-----------------------------------------------------------------------------------------

consolidated with No. 15-41638

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JUAN DUQUE-TINOCO

Defendant - Appellant

⸻

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CR-17-1

⸻

Before JOLLY, HIGGINBOTHAM, and GRAVES, Circuit Judges.

No. 15-41642
c/w No. 15-41638

PER CURIAM:*

Juan Duque-Tinoco pleaded guilty to illegal reentry and was sentenced to 37 months of imprisonment and three years of supervised release. His supervised release imposed for a prior conviction was revoked, and he was sentenced to 24 months of imprisonment. The sentences were ordered to run consecutively. He challenges both sentences in these consolidated appeals.

As to the sentence for the new offense, Duque-Tinoco argues that the district court abused its discretion in departing upward pursuant to U.S.S.G. § 5K2.21 for uncharged conduct. The uncharged conduct the district court relied on was the fact recounted in the Presentence Report that Duque-Tinoco was found in the United States during a traffic stop of a vehicle in which officers discovered 2.2 kilograms of methamphetamine. Duque-Tinoco argues that the mere presence of the drugs in containers in a vehicle he was driving does not establish he possessed the methamphetamine. He argues that the Presentence Report does not provide much detail about the drugs including their exact location in the vehicle or visibility.

The parties disagree about whether plain error applies to this argument, but we need not resolve that dispute because the claim of error fails even under the standard of review that applies when we review preserved challenges to factual determinations. We conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Duque-Tinoco committed the uncharged conduct. *See United States v. Koss,* 812 F.3d 460, 466 (5th Cir. 2016).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41642
c/w No. 15-41638

Rejection of this argument in the context of the new illegal reentry case also warrants rejecting Duque-Tinoco's argument that any error in the district court's assessment of the uncharged conduct at that sentencing improperly influenced the sentence in the revocation case.

Duque-Tinoco raises an additional argument challenging the revocation sentence: that he was denied the opportunity to allocute. He concedes that he did not raise this objection in the district court. We have discretion to correct a forfeited error only if the error is obvious, affects the defendant's substantial rights, and undermines the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States,* 556 U.S. 129, 135 (2009).

The district court held the hearings in both of Duque-Tinoco's cases back-to-back and only afforded a chance to allocute in the first hearing that dealt with the new case. Not allowing allocution at the revocation hearing was a clear error. *See* FED. R. CRIM. P. 32.1(b)(2)(E); *United States v. Avila-Cortez,* 582 F.3d 602, 604-05 (5th Cir. 2009). Duque-Tinoco's substantial rights were arguably affected because he was sentenced above the Guidelines range. *Avila-Cortez,* 582 F.3d at 605. But given that the district court had just heard Duque-Tinoco allocute a few minutes earlier in connection with his sentence for the new reentry offense that raised similar issues to the revocation sentence, we decline to exercise our discretion to correct this error. *See id.* at 606 (explaining that "if the defendant had a prior opportunity to allocute . . . then the case is one of those 'limited class of cases' in which we will decline to exercise our discretion to correct the error" (quoting *United States v. Reyna,* 358 F.3d 344, 352 (5th Cir. 2004) (en banc))); *see also United States v. Legg,* 439 F. App'x 312, 313 (5th Cir. 2011) (declining to correct the error because the defendant's proposed allocution had already been considered and deemed unpersuasive and did not undermine the district court's reasons for imposing

3

No. 15-41642
c/w No. 15-41638

sentence); *United States v. Coleman*, 280 F. App'x 388, 392 (5th Cir. 2008) (similar); *United States v. Neal*, 212 F. App'x 328, 332 (5th Cir. 2007) (similar).

The judgments of the district court are AFFIRMED.