# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE R. SINGLETON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-12-5

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clarence R. Singleton challenges his guilty plea conviction of conspiracy to use and carry firearms during and in relation to crimes of violence and drug trafficking crimes and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(o), 981(a)(1)(C), 1951(a), and the resulting sentence of concurrent terms of 240 months of imprisonment. His conviction arose out of his participation in a gang known as the "Mid-City Killers," which operated a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

home invasion and burglary ring in the area of metropolitan New Orleans, Louisiana.  He argues that the factual basis supporting his guilty plea is insufficient to establish his conviction of § 924(o), the district court erred by adopting facts set forth in the presentence report (PSR), and the district court misapplied the United States Sentencing Guidelines when calculating his sentence.

As an initial matter, Singleton did not adequately apprise the district court of the challenge to the factual basis that he now presents to this court. Accordingly, plain error review governs this issue.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  To prevail, Singleton must show (1) an error or defect; (2) that is clear or obvious and not subject to reasonable dispute; and that (3) affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett*, 556 U.S. at 135.

To analyze the sufficiency of the factual basis under plain error review, this court compares the elements of the crime to the conduct admitted by the defendant.  *See United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010); FED. R. CRIM. P. 11(b)(3).  The court must "determine that the factual conduct to which the defendant admits is sufficient as a matter of law to constitute a violation of the statute."  *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc) (internal emphasis and quotation marks omitted).

The statute at issue, § 924(o), punishes conspiracies to commit violations of § 924(c), which punishes any person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime.  *See* § 924(c), (o).  Singleton's factual basis establishes that he, as a member of the Mid-City

No. 16-31196

Killers, engaged in home invasions, robbery of drug dealers, conspiracy to distribute controlled substances, attempted murder, and other acts of violence. Further, Singleton and his co-conspirators "conspired to use, carry and possess firearms to rob other drug dealers for drugs and drug proceeds to further their drug trafficking activity and their other crimes of violence." The PSR provides additional details of acts conducted within the scope of the conspiracy. *See Trejo*, 610 F.3d at 317. In light of the foregoing, Singleton has failed to establish that there exists clear or obvious error regarding whether the factual basis sufficiently supports his conviction of § 924(o). *See Marek*, 238 F.3d at 314; *Fields*, 777 F.3d at 802.

Singleton's PSR objections sufficiently apprised the district court of his argument that reliable evidence did not establish that he was a participant in the kidnapping of John M. Jones or the attempted murders of D.H. and D.G. *See Musa*, 45 F.3d at 924 n.5. This court reviews "the district court's interpretation and application of the Guidelines *de novo*, and its factual findings for clear error." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

The information set forth in the PSR and PSR Addendum was based upon Singleton's factual basis, information provided by the Government from cooperating witnesses' statements, law enforcement investigative materials, police reports, and information from court documents and other sources. In his objections, Singleton did not offer evidence to support his argument that various facts should not be attributed to him. Rather, he offered unsupported argument that downplayed his involvement in the events set forth in the PSR. In the absence of rebuttal evidence, the district court properly relied on the PSR and the facts set forth therein. *See United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

No. 16-31196

Singleton did not apprise the district court of the Guidelines calculations challenges that he now presents to this court. Accordingly, he did not preserve this issue for appeal. *See Musa*, 45 F.3d 922, 924 n.5. Under plain error review, errors that are apparent only after "traversing a somewhat tortuous path," through a "careful parsing of all the relevant authorities, including the sentencing guidelines and applicable decisions[,]" are not "clear or obvious." *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009).

Given the highly fact-specific analysis incorporated into the district court's analysis of the Guidelines and the tortuous path Singleton attempts to lead us down, any error cannot amount to reversible plain error, as any error that may be present in the guidelines calculations is not clear or obvious error. *See Rodriguez-Parra*, 581 F.3d at 231.

For the foregoing reasons, the judgment of the district court is AFFIRMED.