# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40080

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MAURICIO LUNA-BARRAGAN,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-435

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Mauricio Luna-Barragan pleaded guilty to illegal reentry and was sentenced to 57 months in prison. That sentence was at the high end of his Guidelines range, which was based on a criminal history category of V because ten criminal history points were assigned to Luna-Barragan. Two of those points came from a Georgia sentence for "theft by taking" in which Luna-Barragan spent 75 days in jail and ultimately received a probation sentence of

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40080

5 years.  Luna-Barragan did not object to the scoring of that Georgia conviction in the trial court, but now argues it should have received only one point.  That reduction would put him in category IV, which would reduce his Guidelines range to 37-46 months.

Because Luna-Barragan did not raise this objection in the district court, he must show a plain error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he can do so, then we have the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation" of the proceeding.  *Id.* (alteration in original) (citation omitted).

Luna-Barragan is correct that only one point should have been assigned to the Georgia probation sentence.  The Guidelines assign three points for any sentence of imprisonment exceeding one year and one month; two points for a sentence of imprisonment less than a year and a month but of at least sixty days; and one point for other prior sentences.  U.S.S.G. § 4A1.1.  Because Luna-Barragan had spent 75 days in custody on the Georgia conviction, it was assigned two points.  But the Georgia court imposed a sentence of 5 years probation and credited the 75 days spent in jail against that probation obligation (so Luna-Barragan would have 4 years, 9 ½ months of probation remaining after his sentencing).  The sentence itself thus did not impose time in prison.  It would be different if the court imposed a sentence of 75 days to be followed by 5 years of probation.  Because the sentence imposed was only for probation, it should have been assigned only one point.  *See* U.S.S.G. § 4A1.1 cmt. background (explaining that the sections assigning points for prior sentences "distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, *probation*, fines and residency in halfway house" (emphasis added)).

2

No. 17-40080

This error, however, is not an obvious one. The Presentence Report describes the sentence as "5 years probation with credit for time served (75 days)." A sentence of 75 days "time served," standing alone, would result in two points. U.S.S.G. § 4A1.1(b). We have no cases addressing this unusual interplay of a sentence involving both jail time and probation. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("We ordinarily do not find plain error when we have not previously addressed an issue." (citation omitted)). Because Luna-Barragan served 75 days in addition to receiving a probation sentence, it was not readily apparent that the scoring in the Presentence Report was wrong. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Even if Luna-Barragan could show obvious error, we would not correct the mistake because he is unable to meet the final requirement for us to have that authority. He can satisfy the third requirement because the error prejudiced him by increasing his Guidelines range. *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). But not all errors that impact a sentence are ones that substantially affect the fairness, integrity, or reputation of the proceeding.[1] *United States v. Sarabia–Martinez*, 779 F.3d 274, 278 (5th Cir. 2015). We do not see that unjust result here because the Georgia conviction would have received two points if the judge had just sentenced Luna-Barragan to time served. He ended up receiving a much more serious sentence as he also

---

[1] The Supreme Court has granted certiorari to review the proper application of this prong from our decision in *United States v. Rosales-Mireles*, 850 F.3d 246 (5th Cir. 2017), *cert. granted*, No. 16-9493, 2017 WL 2505758 (U.S. Sept. 28, 2017). In the meantime, we apply the en banc majority opinion in *United States v. Escalante-Reyes*, 689 F.3d 415 (5th Cir. 2012) (en banc), rather than the "shocks the conscience" language from the dissenting opinion. *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012) (explaining that, under our rule of orderliness, the earlier of the two opinions controls); *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986) (even when the Supreme Court has granted certiorari, we continue to follow our own precedents unless and until the Court says otherwise).

had to serve years under court supervision. The nuanced distinction—between the 75 days being credited against the probation term as opposed to being in addition the probation obligation—that led to the error thus arguably is in tension with the Guidelines' common-sense goal of assigning more points to prior sentences that are more severe. It is not the type of error that casts doubt on the fairness of the process.

Because Luna-Barragan does not satisfy the second and fourth requirements for plain-error correction, the judgment is AFFIRMED.