**CORRECTED March 2, 2018**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 16-40367

————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

RAFAEL RIOS MARROQUIN, also known as Tomas Andres Marroquin,

    Defendant - Appellant

consolidated with

16-40368

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

RAFAEL RIOS MARROQUIN,

    Defendant - Appellant

————

Appeals from the United States District Court
for the Southern District of Texas

————

No. 16-40367
c/w 16-40368

ON PETITION FOR REHEARING EN BANC

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:

The Court having been polled at the request of one of its members, and a majority of the judges who are in regular service and not disqualified not having voted in favor (Fed. R. Ap. P. 35 and 5th Cir. R. 35), rehearing en banc is DENIED. In the en banc poll, three judges voted in favor of rehearing (Judges Jones, Smith, and Ho), and twelve judges voted against rehearing (Chief Judge Stewart and Judges Dennis, Clement, Prado, Owen, Elrod, Southwick, Haynes, Graves, Higginson, Costa, and Willett).

Judge Smith, joined by Judges Jones and Ho, dissents from the Court's denial of rehearing en banc, and his dissent is attached.

ENTERED FOR THE COURT:

_____

GREGG COSTA
United States Circuit Judge

2

JERRY E. SMITH, Circuit Judge, joined by EDITH H. JONES and JAMES C. HO, Circuit Judges, dissenting from the denial of rehearing en banc:

The panel opinion mutilates the test for plain-error relief. Every one of the panel's multiple mistakes favors Marroquin. And even under the relaxed standard that the panel accidentally announces, Marroquin falls far short of satisfying the test. Because the court should have vacated this aberrant opinion for en banc rehearing, I respectfully dissent.

To obtain appellate relief from forfeited error, Marroquin must meet the difficult four-prong test. He must show (1) an error (2) that is plain and (3) affects substantial rights. "Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (brackets in *Puckett*, some internal quotation marks omitted).

## I.

Although, to its credit, the panel carefully avoids misquoting *Puckett*, it misstates the test by changing the words in three different places, in a way that is hugely misleading. I address each of those in turn.

## A.

First, the panel omits the crucial word "seriously" from the paragraph in which it applies the *Puckett* test. The panel says, "That leaves the requirement that Marroquin show the error affected the fairness, integrity, or reputation of the proceeding." *United States v. Marroquin*, 874 F.3d 851, 855 (5th Cir.

2017).[1] There are no quotation marks, and there is no citation to *Puckett* or any other authority; the panel just sets forth an easier test, likely from inadvertence. Without even trying to explain why it believes the sentence affects—much less "seriously affects"—fairness, integrity, or reputation, the panel only gives the conclusional justification that "[w]e choose to correct this error in light of its effect on the sentence combined with the nature of the error." *Id.*

The Supreme Court would not have used the word "seriously" unless it was "serious" about sending the message that fourth-prong relief is available only in exceptional circumstances. *See* Edward Goolsby*, Comment, *Why So Serious? Taking the Word "Seriously" More Seriously in Plain Error Review of Federal Sentencing Appeals*, 51 HOUSTON L. REV. 1449 (2014). The panel thus not only misstated but misapplied the fourth prong, and that is error.

B.

This is not the panel's only misstatement of the fourth prong. In describing that prong in the introductory part of the opinion, 874 F.3d at 853, the panel explains that if the appellant can satisfy the first three prongs, "then we have the discretion to remedy the error if it 'seriously affect[s] the fairness, integrity or public reputation' *of the proceeding*" (emphasis added) (quoting *Puckett*, 556 U.S. at 135, but only inside the single quotation marks). The panel uses similar, inaccurate language in the analytical part of the opinion, where it states and applies the fourth prong: "That leaves the requirement

---

[1] In the second, introductory paragraph of its opinion, the panel, more fully quoting *Puckett*, does include the word "seriously." *Marroquin*, 874 F.3d at 853. As explained above, however, in the later paragraph that actually applies the test, the panel does not directly quote *Puckett* and omits any mention of "seriously."

that Marroquin show the error affected the fairness, integrity, or reputation *of the proceeding.*" *Id.* at 855 (emphasis added).

That also is error. Outside the quotation marks are the words "of the proceeding." That is not what the Supreme Court said. Instead, *Puckett* refers to "the fairness, integrity or public reputation *of judicial proceedings.*" *Puckett*, 556 U.S. at 135 (emphasis added). The difference is huge. It is one thing for an observer to think that an erroneous sentence makes that particular proceeding seem "unfair." It is an exponentially higher burden for the appellant to demonstrate that the sentence is so wrong that it seriously casts a pall on judicial proceedings generally.

It is no guess that the Supreme Court meant to give meaning to the phrase "of judicial proceedings" as distinguished from "of the proceeding." At the end of its opinion, the Court helpfully explained what it meant by "judicial proceedings." *Puckett* dealt with the failure to live up to a plea agreement. Applying the fourth prong, the Court opined that "[i]t is true enough that when the Government reneges on a plea deal, *the integrity of the system* may be called into question." *Puckett*, 556 U.S. at 142−43 (emphasis added). And further, referring to the sentence at hand, the Court concluded that "receipt of a sentencing reduction . . . would have been so ludicrous as itself *to compromise the public reputation of judicial proceedings.*" *Id.* at 143 (emphasis added).

From this, there can be no doubt that the fourth prong requires the appellant to show "serious" damage not only to the fairness of the result in his own case but—much more broadly—to the fairness, integrity, or public reputation of judicial proceedings generally. That is a more than a gentle reminder of how steep the fourth prong really is and of how, by subtle changes to its articulation, the panel has "seriously" (pun intended) reduced the burden for

5

this appellant.[2]

## C.

So far, I have shown that the panel misstated the *Puckett* test in two respects: by omitting the crucial word "seriously" and by altering the phrase "of judicial proceedings." There is yet a third alteration: The panel changed "public reputation" to "reputation." The panel begins its penultimate paragraph by stating, "That leaves the requirement that Marroquin show the error affected the fairness, integrity, *or reputation* of the proceeding." *Marroquin*, 874 F.3d at 855 (emphasis added).

It is significant that the Supreme Court referred to "public reputation"

---

[2] In fairness, I must note that other panels of this court have been similarly sloppy in describing the *Puckett* test. *See, e.g.*, *United States v. Luna-Barragan*, No. 17-40080, 2018 U.S. App. LEXIS 2868, at *4 (5th Cir. Feb. 6, 2018) (per curiam) (unpublished) (using "substantially affect" instead of "seriously affect" and referring to "reputation of the proceeding" and "fairness of the process"); *United States v. Thomas*, 847 F.3d 193, 205 (5th Cir.) (per curiam) ("substantially" instead of "seriously" and "of the judicial proceedings" replacing "of judicial proceedings"), *cert. denied*, 137 S. Ct. 2229 (2017); *United States v. Duque-Tinoco*, 676 F. App'x 267, 268 (5th Cir. 2017) (per curiam) ("undermines" instead of "seriously affects"); *United States v. Smith*, 814 F.3d 268, 270, 276 (5th Cir. 2016) ("substantially affected" and "of Smith's proceedings"); *United States v. Cruz-Reyes*, 602 F. App'x 204, 204 (5th Cir. 2015) (per curiam) (omitting "seriously"); *United States v. Corona*, 599 F. App'x 204, 205 (5th Cir. 2015) (per curiam) (same); *United States v. Anderson*, 755 F.3d 782, 797 (5th Cir. 2014) (same); *United States v. Salgado*, 491 F. App'x 509, 509, 510 (5th Cir. 2012) (per curiam) (same); *United States v. Delgado-Loya*, 372 F. App'x 457, 457 (5th Cir. 2010) (per curiam) ("substantially" instead of "seriously"); *United States v. Luna-Cabral*, 336 F. App'x 467, 467 (5th Cir. 2009) (per curiam) (same); *United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007) (omitting "seriously"); *United States v. Fernandez-Cusco*, 447 F.3d 382, 385 (5th Cir. 2006) (same); *United States v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006) (same); *United States v. Akinde*, 190 F.3d 538, 1999 U.S. App. LEXIS 40409, at *2 (5th Cir. 1999) (per curiam) (unpublished) ("substantially" instead of "seriously"). This persistent inconsistency is reason enough to rehear this case en banc to reconcile the caselaw.

and that the panel omitted "public."[3]  That underscores the fact that, as explained above, the Court was referring to judicial proceedings generally and not to the specific proceeding at hand.  It is difficult to see how a forfeited-error sentence in one particular case, such as this one, would sully the public reputation of the system except in the most notorious case.  The panel's phrase "reputation of the proceeding" hardly makes sense here.

## II.

The foregoing discussion shows that, for whatever reason, the panel stumbles in its articulation of the fourth prong by misrepresenting it in at least three crucial respects.  That needs to be examined by the en banc court so that we carefully adhere to what the Supreme Court requires.  But even accepting the majority's more-than-questionable description of the four prongs, the panel errs in finding all those prongs satisfied so as to afford plain-error relief to this appellant.

## A.

Marroquin fails the second prong, because the error is not "plain."  "[T]he legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135 (citing *Olano*, 507 U.S. at 734).  "Under plain error review, errors that are apparent only after 'traversing a somewhat tortuous path,' through a 'careful parsing of all the relevant authorities, including the sentencing guidelines and applicable decisions[,]' are not 'clear or obvious.'" *United States v. Singleton*, 707 F. App'x 298, 299 (5th Cir. 2017) (per curiam)

---

[3] In its second paragraph, 874 F.3d at 853, where the panel directly quotes a truncated part of the *Puckett* standard, the court properly includes the word "public."  But in the penultimate paragraph in which the test is actually applied, quotation marks are missing, and so is the word "public."  *Id.* at 855.

(quoting *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009)).[4]

The purported error here is anything but obvious. The question is the interpretation of a North Carolina statute. The *Marroquin* panel admits that the Fifth Circuit addressed that very statute in *United States v. Rodriguez-Prieto*, 491 F. App'x 514, 515 (5th Cir. 2012) (per curiam). The panel concedes that *Rodriguez-Prieto* contains "some language . . . that suggests it would not be error to separately assess criminal history points for each of the consolidated [North Carolina] offenses." *Marroquin*, 874 F.3d at 854.

The *Marroquin* panel yields instead to a Fourth Circuit decision, *United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013), which decides the North Carolina statutory question favorably to Marroquin. It is fine, with benefit of hindsight, to decide that, as between *Davis* and *Rodriguez-Prieto*, the former has the better view of the law, but it is not fine for this panel to do so in the context of *plain* error. In light of the "reasonable dispute," including a Fifth Circuit decision going the other way, the error is not "clear or obvious," and plain-error review here should end at the second prong.[5]

B.

The third prong requires the appellant to show that a plain error affected his substantial rights. Instead of requiring Marroquin to shoulder the burden

---

[4] The panel makes no mention of the above decisions or of any other Fifth Circuit caselaw, which imposes a steep standard for achieving success at the second prong, especially the requirement of showing no "reasonable dispute."

[5] Marroquin's failure at the second prong is bolstered by the fact that in the brief on appeal, the experienced Federal Public Defender did not even notice the alleged error. Given that the only Fifth Circuit decision on point was adverse to Marroquin, that is not surprising or blameworthy. The Federal Public Defender briefed the issue only after this court denied a motion under *Anders v. California*, 386 U.S. 738 (1967), to withdraw from the case for want of a nonfrivolous issue. The issue was neither clear nor obvious.

of establishing that his substantial rights were affected, the panel flips the burden. The panel closes its discussion of the third prong with the statement that "the government has not shown this to be a case in which prejudice did not result from an error that affected the Guidelines range." *Marroquin*, 874 F.3d at 855. Laying the burden on the government, and requiring it to prove a negative, is blatantly contrary to proper plain-error methodology and only compounds the mistakes made by this panel in a published opinion that confuses circuit law.

## C.

Marroquin also fails at the fourth prong. The panel's explanation is both scant and conclusory: "This error . . . based on a misinterpretation of the state criminal laws . . . would create doubt about the integrity of the process." *Marroquin*, 874 F.3d at 855. The panel gives no reason for that conclusion, because there is none. Moreover, the panel ignores the government's compelling explanation of why no one would reasonably think the sentence was unfair or lacked integrity. That includes Marroquin's numerous imprisonments, with at least four convictions for controlled substances and two illegal reentries. At bottom, the sentence of 25 months is only four months above the top of the allegedly correct guideline range. No one viewing the record as a whole should see Marroquin as deserving of the extraordinary gift of plain-error reversal.

## III.

In *Puckett*, the Supreme Court warned of "a reflexive inclination by appellate courts to reverse because of unpreserved error." *Puckett*, 556 U.S. at 134 (citation omitted). That unfortunate tendency is evident here in the numerous mistakes that all favor the appealing defendant. The panel gravely undermines the incentive for criminal defendants to raise meritorious issues

at sentencing instead of finding ways to succeed on forfeited issues on appeal.[6]

Our plain-error jurisprudence continues to struggle. *See United States v. Suarez*, 879 F.3d 626, 642–46 (5th Cir. 2018) (Smith, J., dissenting). Granting en banc rehearing would vacate the mistaken panel opinion, which would be an expeditious way of correcting the myriad errors identified above.[7]

I respectfully dissent from the denial of rehearing en banc.

---

[6] The Supreme Court spoke forcefully to this in *Puckett*:

> This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them. That court is ordinarily in the best position to determine the relevant facts and adjudicate the dispute. . . . [T]he district court can often correct or avoid the mistake so that it cannot possibly affect the outcome. And of course the contemporaneous-objection rule prevents a litigant from "sandbagging" the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.

*Puckett*, 556 U.S. at 134 (citation omitted).

[7] An admitted procedural difficulty that discourages en banc review is that Marroquin is set for release in less than a month, and there is no term of supervised release, so there is the prospect of mootness. *See generally United States v. Heredia-Holguin*, 823 F.3d 337 (5th Cir. 2016) (en banc). That is undoubtedly a factor in the lopsided vote to deny rehearing, as is the fact that the Supreme Court is reviewing *United States v. Rosales-Mireles*, 850 F.3d 246 (5th Cir.), *cert. granted*, 138 S. Ct. 55 (2017) (No. 16-9493) (argued Feb. 21, 2018), which concerns fourth-prong methodology.